UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALBERT FRANK WHITE, JR.<br>AND BARBARA WHITE | CIVIL ACTION |
| VERSUS | NO. 06-10959 |
| ALLSTATE INSURANCE<br>COMPANY, ET AL | SECTION "N" (3) |

## <u>ORDER AND REASONS</u>

Before the Court is the Motion to Remand (Rec. Doc. No. 3) filed by Plaintiffs, Albert and Barbara White. The removing defendant, Allstate Insurance Company ("Allstate"), opposes remand. Having considered the submissions of the parties, the record herein, and the applicable law, the Court finds remand to be appropriate.

### I.  BACKGROUND

Plaintiffs in this case are Louisiana property owners who suffered damage to their property during and after Hurricane Katrina. The property, located at 3207 Louisiana Avenue Parkway Street in New Orleans, Louisiana, was insured under an Allstate homeowner's policy.[1] Jimmy Tarleton, III ("Tarleton") is listed as Plaintiffs' Allstate Agent on the homeowner's policy.

The homeowner's policy is for coverage in the amount of $290,250 for the dwelling, $29,025 for the other structures, $203,175 for personal property, and up to twelve months of additional living expenses. Plaintiffs' property and its contents were significantly damaged as a result of the storm.

---

[1]  The Petition, Motion to Remand, and affidavit of Mr. White attached thereto, all state that Plaintiffs' property was also insured by a flood insurance policy through Allstate as a WYO company. Plaintiffs subsequently recanted this allegation after the affidavit of Mr. Tarleton, attached to Allstate's Opposition to the Motion to Remand, made it clear that a flood policy was never issued on the Whites' property (Rec. Doc. No. 13-2, p.3 ¶ 11).

Plaintiffs have sued Allstate for breach of contract, negligence, negligent misrepresentation, and bad faith, alleging that Plaintiffs' damages exceed their policy limits and that Allstate has denied coverage that Plaintiffs are owed.  (Rec. Doc. No. 1-2, ¶ 5.)  Plaintiffs seek the value of their homeowner's policy under Louisiana's Valued Policy Law, La. R.S. § 22:695, as well as attorney's fees and penalties under La. R.S. §§ 22:658 and 22:1220.

Plaintiffs have also sued their Allstate agent, Tarleton, for negligence, breach of contract, and breach of fiduciary duty in "failing to increase coverage under [their] homeowner's policy" and "failing to procure sufficient insurance for flood and/or wind perils."  *Id.* at ¶¶ 39, 41.  Plaintiffs further allege that Tarleton indicated that the hurricane coverage under their homeowner's policy would cover any and all damages that might be incurred as a result of a hurricane.  *Id.* at ¶¶ 37, 38.  Plaintiffs also allege that Tarleton failed to advise them "as to the necessity and/or availability of a greater amount of dwelling and contents coverage under the flood insurance program."  *Id.* at ¶ 40.

Defendant Allstate removed this case from the Civil District Court for the Parish of Orleans to this Court, claiming that Plaintiffs have improperly joined Tarleton so as to defeat diversity of citizenship.  Plaintiffs move this Court to remand, claiming Tarleton is a proper party.  Plaintiffs do not dispute Allstate's assertion that the amount in controversy exceeds $75,000.

The Court has reviewed the submissions of the parties, including Allstate's Motion to Strike Unsworn Affidavit and Unsigned Declaration (Rec. Doc. No. 18) and Plaintiffs' Motion to Withdraw Unsworn Affidavit and Substitute Unsworn Declaration (Rec. Doc. No. 24).  For the reasons stated herein, **IT IS ORDERED** that Allstate's Motion to Strike is **GRANTED** and Plaintiffs' Motion to Withdraw and Substitute is **DENIED**.  **IT IS FURTHER ORDERED** that

Plaintiffs' Motion to Remand is **GRANTED**.

## II.  LAW AND ANALYSIS

### A.  Legal Standard

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction over the action.  *See* 28 U.S.C. § 1441(a).     In removal actions, the removing party bears the burden of establishing the existence of federal jurisdiction.  *See De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995).   In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed.  *Ruiz v. State Farm Fire and Cas. Co.*, No. 06-5640, 2007 WL 128800, at *2 (E.D. La. Jan. 17, 2007) (*citing Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)).   Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand.  *Id.*; *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).   The Court must remand the case to state court "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction."  28 U.S.C.  §  1447 (c).

Improper joinder can be shown by plaintiff's inability to establish a claim under state law against the non-diverse defendant or through actual fraud in pleading jurisdictional facts.  *Melder v. Allstate Corp.*, 404 F.3d 328, 330 (5th Cir. 2005).  "If there is 'arguably a reasonable basis for predicting that the state law might impose liability on the facts involved,' then there is no fraudulent joinder."  *Great Plains Trust Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (*quoting Badon v. RJR Nabisco Inc.*, 236 F.3d 282, 286 (5th Cir. 2001).  *See also Hornbuckle v. State Farm*, 385 F.3d 538, 542 (5th Cir. 2004).   The possibility of this liability must be reasonable, not "merely theoretical."  *Great*

*Plains*, 313 F.3d at 312.  The Fifth Circuit has explained:

> The court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the instate defendants.  Ordinarily, if a plaintiff can survive a Rule 12(b)(6) challenge, there is no improper joinder.  That said, there are cases, hopefully few in number, in which a plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder.  In such cases, the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry.

*Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)).

## B.  Improper Joinder of Tarleton

Allstate argues that this Court has jurisdiction over the instant action because Tarleton, the non-diverse defendant, has been improperly joined.  Allstate makes three arguments in support of improper joinder:  (1) any claims against Tarleton are barred by expiration of the peremptive period; (2) Plaintiffs have no recoverable cause of action against Tarleton under the law of agency; and (3) Tarleton as insurance agent did not owe the duty to advise Plaintiffs of additional coverage.

Plaintiffs' allegations against Tarleton, as set forth in the Petition, are as follows:

> 35.
>
> Plaintiffs, Albert Frank White, Jr. and Barbara Lynn White sought the advice of and relied on the expertise of Jimmy Tarleton, III, as a licenses insurance agent for Allstate, to obtain full and complete coverage for their residence at 3207 Louisiana Avenue Parkway, New Orleans, Louisiana 70117.

> 36.
>
> As plaintiffs' fiduciary, Mr. Tarleton, III agreed to procure sufficient insurance to cover plaintiff's property.  However, during the claims process in November 2005 plaintiffs discovered that Mr. Tarleton, in fact, obtained far less insurance coverage in dwelling and contents coverage through Allstate and/or as WYO on flood insurance, and that h[e] represent[ed] that the "hurricane" coverage they had with Allstate was . . .  going to cover any flood related damages associated with Hurricane Katrina.

> 37.
>
> At all times relevant herein, Mr. Tarleton indicated that the homeowner's

policy provided plaintiffs "hurricane" coverage, which would provide them coverage for any damages that might be incurred as a result of a hurricane.

38.

At all time relevant herein, Mr. Tarleton indicated that the homeowners' insurance policy provided full coverage for all damages that might be incurred to the dwelling and its contents and that plaintiffs were fully insured.

39.

In actuality, Mr. Tarleton failed to provide insurance sufficient in coverage and/or policy limits to pay to replace and/or repair the damage incurred as a result of failing to increase insurance coverage under plaintiffs' homeowner's policy.

40.

Mr. Tarleton did not advise plaintiffs as to the necessity and/or availability of a greater amount of dwelling and contents coverage under the flood insurance program. Otherwise, plaintiff[s] would have purchased insurance in an amount commensurate with the replacement value of their dwelling and contents contained therein.

41.

As a result of Mr. Tarleton's negligence and/or breach of contract and/or breach of fiduciary duty in failing to procure sufficient insurance for flood and/or wind perils, plaintiffs were uninsured /underinsured and have suffered significant damages.

(Rec. Doc. No. 1-2, pp.7-8.)

## 1. Peremption

Allstate argues that Plaintiffs' claims against Tarleton are perempted by the terms of La. Rev.

Stat. § 9:5606.[2] Under the terms of the statute, regardless of whether Plaintiffs sued within one year

---

[2] La. R.S. 9:5606 provides, in pertinent part:

No action for damages against any insurance agent . . . whether based upon tort, or breach of contract, or otherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all

of discovering their cause of action, the claims are still perempted if the action is not brought within three years of the act, omission, or neglect.  La. Rev. Stat. § 9:5606.

The Petition does not specify the date(s) of Tarleton's alleged acts, omissions, or neglect, nor does it set forth the dates the policy was originally issued and/or renewed.  As stated above, in order to resolve Plaintiffs' basis for recovery  under state law, the court may pierce the pleadings and conduct a summary inquiry.  *Smallwood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).  "[A] summary inquiry is appropriate only to identify the presence of discrete and undisputed facts[3] that would preclude plaintiff's recovery against the in-state defendant."  *Id.* at 573-74.  "When determining [improper] joinder, the district court may look to the facts as established by summary judgment evidence, as well as the controlling state law."  *Spears v. State Farm*, 2007 WL 1017334, at *3 (*quoting Carriere v. Sears Roebuck & Co.*, 893 F.2d 98, 100 (5th Cir. 1990).  The court must consider "all unchallenged factual allegations" in the light most favorable to the plaintiff.  *Travis v. Irby*, 326 F.3d 644 (5th Cir. 2003).  Any uncontested issues of fact and ambiguities of state law must be resolved in favor of remand.  *Id.*  The Court finds that the date Plaintiffs purchased their policy from Tarleton and the date of Plaintiffs' most recent renewal of this policy constitute the type of discrete and undisputed facts to justify piercing the pleadings in this matter.

As an initial matter, the Court must address the issue of whether certain affidavit and declaration testimony submitted by Plaintiffs in support of their Motion to Remand constitutes competent evidence that the Court may properly consider in connection with the Motion to Remand.

---

events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.

[3] Discrete and undisputed facts are those "facts that can be easily disproved if not true."  *In re Cameron Parish Rita Litigation*, 2007 WL 1741887, at *1 (W.D.La. June 13, 2007).

6

### A.  White Affidavit

Attached to Plaintiffs' Motion to Remand is an unsworn, unsigned, and undated affidavit of Plaintiff Albert White ("White Affidavit") (Rec. Doc. No. 3-4).  This unsworn evidence is not competent in a summary-type proceeding and therefore cannot be considered.

### B.  White Declaration

Attached to Plaintiffs' Supplemental Memorandum in Support of their Motion to Remand (Rec. Doc. No. 15), is a document entitled "Unsworn Declaration of Albert Frank White, Jr. Under Penalty of Perjury Made Pursuant to 28 U.S.C. § 1746"[4] (Rec. Doc. No. 15-2) ("First White Declaration").[5]  The Court finds that the testimony in the White Declaration conflicts with the allegations made in both the White Affidavit and the Petition.  The Petition, Motion to Remand, and the White Affidavit all state that Plaintiffs purchased an Allstate flood insurance policy from Tarleton.  In contrast, the White Declaration acknowledges that a flood insurance policy does not

---

[4]  28 U.S.C. § 1746 provides:

> Wherever, under any law of the United States or any rule, regulation, order, or requirement made pursuant to law, any matter is required or permitted to be supported, evidenced, established, or proved by the sworn declaration, verification, certificate, statement, oath, or affidavit, in writing of the person making the same (other than a deposition, or an oath of office, or an oath required to be taken before a specified official other than a notary public), such matter may, with like force and effect, be supported, evidenced, established, or proved by the unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated . . . .

[5]  The Court finds that because the First White Declaration is unsigned and undated, it does not comport with 28 U.S.C. § 1746.  Attached to Plaintiffs' Opposition to the Motion to Strike is a substantively identical declaration ("Second White Declaration").  The Court finds that the Second White Declaration, though signed, also fails to comply with 28 U.S.C. § 1746 because it is undated.  Also attached to Plaintiffs' Opposition is the third and final declaration, which is substantively identical to the first two.  The Court finds that the Third White Declaration appears to comport with the form requirements of 28 U.S.C. § 1746 in that it is signed and dated.

exist and states that in the summer of 2005, Mr. White called Tarleton's office, at which time he was informed that he "could achieve coverage for both hurricane and flood perils by purchasing 'hurricane insurance.'"  (White Declaration at ¶ 11.)  These new allegations cannot be considered by the Court in its evaluation of whether Plaintiffs have a reasonable basis for recovering against Tarleton in a Louisiana court, because they were made following removal.  *See Pullman Co. v. Jenkins*, 305 U.S. 534, 537 (1939) (second amended complaint, filed after removal, was not to be considered in determining the right to remove); *Cavallini v. State Farm Auto Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995) (affidavit cannot defeat removal if it supports a legal theory not alleged in state court complaint but in amended complaint offered after removal); *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 116 (5th Cir. 1979) ("Whether the case was properly removed is determined by reference to the allegations in a plaintiff's state court pleading.") (*citing Pullman*); *Ahrens v. TPLC, Inc.*, 955 F.Supp. 54, 56 (E.D. La. 1997) ("Whether or not plaintiffs fraudulently joined the non-diverse defendant is based on an analysis of the causes of action alleged in the state court petition at the time of removal.") (*citing Tedder*); *Dobson v. Allstate*, 2007 WL 2078423, at *8 (E.D. La. July 21, 2006).

Accordingly, Allstate's Motion to Strike Unsworn Affidavit and Unsigned Declaration (Rec. Doc. No. 18) is **GRANTED**.  **IT IS FURTHER ORDERED** that Plaintiffs' Motion to Withdraw Unsworn Affidavit and Substitute Unsworn Declaration (Rec. Doc. No. 24) is **DENIED**.

### C.  Tarleton Affidavit

The affidavit of Mr. Tarleton states that Plaintiffs' homeowner's policy was initially issued on June 28, 1995.  (Rec. Doc. No.12.)  Allstate argues that this date is the starting date of the peremptive period and the date on which Tarleton's alleged acts, omissions, or neglect should have been discovered.

Plaintiffs argue in their Motion to Remand that since the initial issuance of the policy, "[P]laintiffs have negotiated and procured several renewal policies of insurance annually . . . , including, but not limited to their latest pre-storm policy procured on June 28, 2005.  (Rec. Doc. No. 3-3, p.8.)  Plaintiffs contend in their Motion to Remand that at no time during the most recent renewal did Tarleton inform them of the availability of additional and/or excess flood insurance, nor did he ensure that the 2005-2006  policy included limits of liability that reflected the actual value of their property.  *Id.*  As a result, Plaintiffs argue that the date of their most recent policy renewal, June 28, 2005, should operate to restart peremption.

Generally, subsequent renewals of insurance policies "do not operate to restart peremption." *Dobson v. Allstate Ins. Co.*, 2006 WL 2078423 at *8 (E.D. La. 2006) (*citing Biggers v. Allstate Insurance Co.*, 886 So.2d 1179, 1182-83 (La.Ct.App. 2004)).  "In order for each renewal to be the basis of a separate tort, the complained of conduct must consist of separate and distinct acts, each of which gives rise to immediately apparent damages." *Biggers*, 886 So.2d at 1182; *see also Sonnier v. Louisiana Farm Bureau Mutual Ins. Co.*, 924 So.2d 419, 422 (La.Ct.App. 2006) (a renewal may constitute a separate act if an insured requests specific coverage at the time of renewal).  "The inquiry is whether the actions of the insurance agent at the time of renewal can be construed to constitute an act separate from the initial policy procurement." *Gomez v. Allstate Ins. Co.*, 2007 WL 1166150, at *2 (E.D. La. April 17, 2007).

It is clear from the Petition that the allegations against Tarleton stem from his acts and/or omissions in connection with the initial procurement of the policy; however, viewing the allegations of the Petition in the light most favorable to the Plaintiffs, the Court finds that the allegations in ¶ 39 of the Petition stem from Tarleton's acts and/or omissions at one of the subsequent renewals of

the policy.  While the Petition makes no reference to the date of the most recent renewal,[6] the affidavit of Mr. Tarleton, attached to Allstate's Opposition to the Motion to Remand, states that "[i]n September 2004, Mr. White contacted Tarleton Agency and requested an increase in the amount of coverage on the Homeowners Policy . . . ."  (Rec. Doc. No. 13-2, ¶ 13.)  Further, the confirmation of policy change, attached to Allstate's Memorandum in Opposition to Motion to Withdraw and Substitute, states that a change was made to Mr. White's policy and that this change "took effect on June 28, 2005."  (Rec. Doc. No. 25-2, p.1.)

In light of the above, the Court finds that Allstate has not met its burden to establish that there is no reasonable basis to determine that June 28, 2005 renewal did not constitute an act that was separate and distinct from the original purchase of the insurance policy.  Tarleton admits that his agency conversed with Mr. White regarding his request for an increase in coverage in September of 2004 and that these changes went into effect in June of 2005.  If Mr. White requested changes in the policy that were never made, or if Tarleton made statements indicating that Plaintiffs were covered for damages caused by flood, inducing a renewed reliance by Plaintiffs, these acts may constitute separate torts.  Thus, there is a reasonable possibility under Louisiana law that the claims against Tarleton are not perempted by the three year period provided in La. R.S. 9:5606.  *Rivera v. State Farm and Cas. Co.*, 2007 WL 763633 , at *3 (E.D. La. Mar. 8, 2007).

La. Rev. Stat. 9:5606 also provides for a one year peremptive period.  Plaintiffs filed suit on August 28, 2006.  Plaintiffs assert that they did not actually know about the alleged actions, omissions, or neglect until sometime after Hurricane Katrina, August 29, 2005.  Thus, based on this

---

[6] Because the Court has stricken the White Declaration, the Court does not consider the new allegation contained therein, which states that Mr. White specifically requested an increase in coverage in the summer of 2005.

assertion, Plaintiffs filed suit within one year of when they actually learned of the alleged actions, omissions, or neglect.

Accordingly, the relevant inquiry is when Plaintiffs should have discovered the alleged actions, omissions, or neglect.  Under Louisiana law, an insured has a duty to read his insurance policy and know its provisions. *Motors Ins. Co. v. Bud's Boat Rental*, 917 F.2d 199, 205 (5th Cir. 1990).  Plaintiffs allege that they relied on the expertise of Mr. Tarleton, as a licensed insurance agent. (Rec. Doc. No. 1-2, ¶ 35.)  As a result, Plaintiffs argue that Tarleton should be held liable to them if they did not have adequate insurance coverage.  Allstate argues that Plaintiffs should have known that they did not have flood coverage by reading their policy.  In their Motion to Remand, Plaintiffs deny ever having received a full copy of their homeowner's policy (Rec. Doc. No. 3, p.12), though they do acknowledge receipt of the declarations page and a summary of coverage (*See* Rec. Doc. No. 10-3, p.8, n.1; Rec. Doc. No. 25-2, p.2).  This Court has held that when examining an improper joinder claim, "the district court must evaluate all of the factual allegations in the light most favorable to the plaintiff, resolving all contested issues of substantive fact in favor of the plaintiff." *Richmond v. Chubb Group of Ins. Companies*, 2006 WL 2710566, at *9 (E.D. La. Sept. 20, 2006) (*quoting Burden v. Gen. Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995)).

Without further factual development, the Court cannot determine whether Plaintiffs ever received a copy of their policy, nor can it determine whether the declarations page and summary of coverage were sufficient to put Plaintiffs on notice as to their lack of coverage for damages caused by flood.  Additionally, the Court is unable to determine, absent further factual development, whether the Whites were "lulled into complacency by representations made by [Tarleton]." *Rivera v. State Farm*, 2007 WL 763633, at *4 (E.D. La. Mar. 8, 2007).  Accordingly, the Court is unable

to find that Plaintiffs' claims against Tarleton are perempted and that they do not have a reasonable possibility of recovery against him.  Thus, the Court declines to find improper joinder based on grounds of peremption.

### 2.  No Cause of Action

Allstate first claims that because Tarleton's sole relationship to Plaintiffs was as an Allstate agent, i.e. an agent for a known principal, he cannot be held personally liable as a matter of law unless he personally binds himself or exceeds his authority.  Under Louisiana law, a disclosed agent does not become personally bound to a third person for the performance of the contract unless the agent exceeds his authority.  La. Civ. Code. art. 3016.  In the instant case, Plaintiffs allege that Tarleton indicated that "any damages that might be incurred as a result of a hurricane" would be covered by the policy.  Because Tarleton may have exceeded his authority in making this representation, it is reasonable to find that Tarleton may possibly be found personally liable to Plaintiffs.

Allstate's second argument is that Plaintiffs cannot establish a cause of action against Tarleton because he had no duty to *sua sponte* place and/or purchase adequate insurance coverage. Allstate cites to authority that an insurance agent has no duty to advise a client to carry higher liability limits or purchase an additional policy.  *Graves v. State Farm Mut. Auto. Ins. Co.*, 821 So.2d 769, 772-724 (La.Ct.App. 2002).  Allstate also contends that Plaintiffs cannot establish a cause of action for Tarleton's failure to procure additional coverage because Plaintiffs fail to allege that they requested Tarleton to procure a specific coverage or policy.  Additionally, Allstate alleges that Tarleton advised Plaintiffs of the availability of flood insurance in 1995, but Plaintiffs chose not to purchase it.

12

Under Louisiana law, an insurance agent has a fiduciary duty to the insured and he is liable for his intentional or negligent breach of this duty.  *Offshore Prod. Contractors, Inc. v. Republic Underwriters Ins. Co.*, 910 F.2d 224, 229 (5ᵗʰ Cir. 1990).  In order to prevail on this cause of action, the Plaintiff must show that (1) an undertaking or agreement by the agent to procure insurance; (2) failure of the agent to use reasonable diligence in attempting to place the insurance and failure to notify the client promptly if he has failed to obtain the insurance; and (3) actions by the agent warranting the client's assumption that he is properly insured.  *Id.* (*citing Karam v. St. Paul Fire & Marine Ins. Co.*, 281 So.2d 728, 730-31 (La.1973).  An insurance agent's duty can be greater than merely procuring the insurance requested, depending on what services the agent holds himself out as performing and the nature of the specific relationship and agreements between the agent and his client.  *Id.* (*citing Graves v. State Farm Mut. Auto Ins. Co.*, 821 So.2d 769, 773 (La.Ct.App. 6/26/02)).

Considering the above, and resolving all contested issues of fact in favor of the Plaintiffs, the Court finds that Plaintiffs have made sufficient allegations against Tarleton to satisfy each of the elements set forth above.  In this case, Plaintiffs allege that Tarleton made statements about "all hurricane damages" being covered and that he failed to increase coverage under their homeowner's policy.  Additionally, Tarelton acknowledged having a conversation with Mr. White regarding his request for increased coverage in September of 2004.  Based on the  allegations of the Petition and the statements contained in Mr. Tarleton's affidavit, the Court finds that one could reasonably conclude that Plaintiffs may be able to establish a cause of action against Tarleton in state court. Therefore, Tarleton is properly joined, and there is no diversity jurisdiction in this case.

13

### III.  ATTORNEY'S FEES AND COSTS

Plaintiffs also seek an award of attorney's fees and costs in connection with the Motion to Remand.  Under 28 U.S.C. § 1447(c), a court "may award attorney's fees" only where the removing party lacked an objectively reasonable basis for seeking removal.  *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290 (5th Cir. 2000).  Because the Court finds that the removal in this case was not objectively unreasonable, the Court declines to award attorney's fees and costs in connection with the Motion to Remand.

### IV.  CONCLUSION

For the reasons stated herein, **IT IS ORDERED** that Plaintiffs' Motion to Remand is **GRANTED IN PART** insofar as it seeks remand of this matter to the Civil District Court for the Parish of Orleans, State of Louisiana, and **DENIED IN PART** to the extent it seeks recovery of attorney's fees and costs in connection with the motion.

**IT IS FURTHER ORDERED** that Allstate's Motion to Strike Unsworn Affidavit and Unsigned Declaration of Albert Frank White, Jr.  (Rec. Doc. No. 18) is **GRANTED**.  **IT IS FURTHER ORDERED** that Plaintiffs' Motion to Withdraw Unsworn Affidavit and Substitute Unsworn Declaration Made Pursuant to 28 U.S.C. § 1746 (Rec. Doc. No. 24) is **DENIED**.

New Orleans, Louisiana, this  _26th_  day of June, 2007.

_____
**KURT D. ENGELHARDT**
**United States District Judge**

14